## IN RE THOMAS C. JONES.

**Right of Elected Person to Qualify as Clerk of the Court of Appeals.**

One elected as clerk of the Court of Appeals, upon presenting the certificate of the board of examiners, showing that a majority of the votes cast for clerk of the Court of Appeals were cast for him, and offers to execute his official bond with sufficient sureties and to take the oath prescribed by law, there is no legal authority to refuse to permit him to do so.

September 8, 1878.

OPINION BY CHIEF JUSTICE PETERS:

In the matter of Thomas C. Jones, who, claiming to have been elected clerk of the Court of Appeals of Kentucky, moved the court

to be permitted to execute the official bond, take the oaths prescribed by law and enter upon the discharge of the duties of his office, he produced to the court the certificate of James Stewart, a circuit judge of the commonwealth of Kentucky, bearing date the 25th of August, 1866, and he was qualified to discharge the duties of clerk of the superior and inferior courts of this commonwealth.

He also produced to the court the certificate of the board of examiners of the returns of the election for August, 1874, from which it appears that a majority of the votes cast at the election held on the first Monday in August, 1874, for clerk of the .Court of Appeals was cast for said Jones, and it was shown to the satisfaction of the court that the persons offered as his sureties in his official bond were good and altogether sufficient. ·

But Mr. John B. Cochran objected in court to Jones' qualifying and entering on the discharge of the duties of the office aforesaid, because, as he alleges, at the time of the election, said Jones was not eligible to said office for reasons specifically set forth in a writing filed, and claims that as he received the next highest number of votes cast at said election for clerk of the Court of Appeals he is entitled to the office. He furthermore says in said writing that he has given notice to Jones that he will, before the proper board, contest his right to said office, and ask the court to refuse the motion of Jones to qualify until the contesting board shall have determined who is entitled to the office.

There is an apparent inconsistency or discrepancy in Sec. 1, Art. 11, Chap. 33, and Sec. 15, Chap. 81, of the General Statutes. The first section named provides that the governor shall commission all officers elective by the voters of the whole state, other than the governor and lieutenant-governor, or of any judicial district, and also the chancellor of the Louisville Chancery Court. Section 15 of Chap. 81 enumerates specifically what officers shall be commissioned by the governor; and as in that enumeration the clerk of the Court of Appeals is not included, the comprehensive language of the first section quoted must be held to be restricted by the last section to the officers therein specifically named. Indeed, it may be considered that the last-named section was enacted for that special purpose, as there is no other perceptible object therefor.

We therefore conclude that upon the presentation of the certificate of the board of examiners, showing that a majority of the votes cast for clerk of the Court of Appeals at the August election, 1874,

were cast for Jones, and his offer to execute his official bond with good and sufficient sureties and to take the oaths prescribed by law, this court has no legal authority to refuse to permit him to do so and to enter on the discharge of the duties of his office.

But this proceeding will not interfere with the right of the contesting board to proceed in the performance of the duty devolved on it by law.